UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------
YOSEF LOWENBIEN
on behalf of himself and
all other similarly situated consumers

                    Plaintiff,

        -against-


PROFESSIONAL ACCOUNT MANAGEMENT, LLC

                  Defendant.

------------------------------------------------------------

## CLASS ACTION COMPLAINT

### *Introduction*

1.     Plaintiff Yosef Lowenbien seeks redress for the illegal practices of Professional Account Management, LLC concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2.     Plaintiff is a citizen of the State of New York who resides within this District.

3.     Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

4.     Upon information and belief, Defendant's principal place of business is located in Milwaukee, Wisconsin.

5.     Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6.     Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

*Jurisdiction and Venue*

7.      This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. §

        1331.

8.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and

        transactions that give rise to this action occurred, in substantial part, in this district.

*Allegations Particular to Yosef Lowenbien*

9.      Upon information and belief, on a date better known by Defendant, Defendant began to

        attempt to collect an alleged consumer debt from the Plaintiff.

10.     The FDCPA defines "debt" as: "any obligation or alleged obligation of a consumer to

        pay money arising out of a transaction in which the money, property, insurance, or

        services, which are the subject of the transaction are primarily for personal, family, or

        household purposes, whether or not such obligation has been reduced to judgment."

11.     The Court in Romea v. Heiberger & Assocs., 163 F.3d 111 (2nd Cir 1998), specifically

        held that the FDCPA includes no requirement that a debt be grounded on an extant

        contractual arrangement.  Holding that back rent is defined as "debt" by the FDCPA and

        rejected defendant's argument that back rent is not a "debt." The Court likened back rent

        to bounced checks which are also held to be debt as defined by the FDCPA. Bounced

        checks and back rent arise not from an extension of credit, but rather from a breach of

        contract and are thus clearly called debt. Plaintiff had a contract with E-ZPass and

        subsequently breached the contract. The money due is therefore unequivocally "debt" as

        defined by the FDCPA.

12.     In Bass v. Stolper, Koritzinsky, Brewster, & Neider, S.C., 111 F.3d 1322, 1327 (7th Cir.

        1997), the Court discussed legislative history of how the word "debt" should be defined

and states that it is so inclusive as to even include debt arising from non-credit transactions, holding "as long as the transaction creates an obligation to pay, a debt is created."

13.    Accordingly, since the Plaintiff entered into a contract with E-ZPass, and subsequently breached said contract creating an obligation to pay, this transaction is clearly a "debt."

14.    Plaintiff entered into a contract with E-ZPass and breached the contract by not paying E-ZPass, making it a "debt" covered by the FDCPA that arose from a contractual agreement.

15.    In fact, EZ-Pass allows its customers to continue to use E-ZPass facilities with a negative balance for up to 60 days and make back payments in the event that the transponder was not working properly.

16.    In light of the fact that E-ZPass permits drivers to continue to use their facilities even with a negative balance, the debt at hand is contractual in nature, and is a contractual extension of credit by E-ZPass to Plaintiff.

17.    The toll fees are a consensual transaction falling directly within the confines of the FDCPA's definition of "debt."

18.    The violation fee is an overdraft protection fee.

19.    Plaintiff incurred an administrative fee because he did not comply with the terms of his contractual agreement with E-ZPass.

20.    The administrative fee is also clearly considered a debt as defined by the FDCPA.

21.    The Plaintiff entered into a contract with E-ZPass which provided a transponder allowing Plaintiff to use the toll booths with an arrangement for deferred payment.

22.     In order to pay for the tolls incurred, a credit card was attached to the E-ZPass account which would replenish the balance on a monthly basis.

23.     The FDCPA broadly defines debt as "any obligation... arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes..."

24.     Plaintiff entered into a consensual contractual arrangement with E-ZPass to enable Plaintiff to more easily and quickly access toll roads and at the time Plaintiff went through the tolls, there was an existing contractual relationship with E-Zpass.

25.     Upon information and belief, on or about December 5, 2017, a representative from Professional Account Management, LLC by the name of Anthony called and spoke to the Plaintiff regarding the alleged account, No. XXXX2322.

26.     During the conversation, the Plaintiff attempted to dispute the debt.

27.     Defendant told the Plaintiff that he could not dispute a debt over the phone.

28.     Defendant also informed the Plaintiff that he must put his dispute in writing.  <u>Hooks v. Forman, Holt, Eliades & Ravin, LLC</u>, 717 F.3d 282, 2013 U.S. App. LEXIS 10754, 2013 WL 2321409 (2d Cir. N.Y. 2013). (Requiring a consumer to dispute a debt in writing violates the FDCPA.)

29.     The FDCPA allows the consumer to orally dispute a debt.[1]

30.     Upon information and belief, Professional Account Management, LLC and its employee as a matter of procedural practice and pattern never intend to follow through with the validation rights they purportedly provide in the initial communication.

---

[1] <u>Brady v. The Credit Recovery Company, Inc.</u>, 160 F.3d 64 (1st Cir. 1998). (The FDCPA does not limit the time period for disputing a debt. A consumer can always dispute a debt with a debt collector, regardless of the passage of time. Credit reporting constitutes an attempt to collect a debt.), See, e.g., <u>Rivera v. Bank One.</u>, 145 F.R.D. 614, 623 (D.P.R. 1993). (A creditor's report of a debt to a consumer reporting agency is a "powerful tool, designed, in part, to wrench compliance with payment terms from its cardholder"), <u>Matter of Sommersdorf.</u>, 139 B.R. 700, 701 (Bankr.S.D. Ohio 1991), <u>Ditty v. CheckRite, Ltd.</u>, 973 F.Supp. 1320, 1331 D.Utah 1997). (A consumer is entitled to dispute a debt orally and need not seek validation to overcome the debt collector's assumption of validity.)

31.    Upon information and belief, Professional Account Management, LLC and its employees when receiving written disputes as a matter of procedural practice and pattern do not provide verification of debts since they maintain all disputes in writing must be submitted with a valid reason.

32.    Upon information and belief, Professional Account Management, LLC and its employee intentionally denied the Plaintiff his dispute rights afforded to him under the FDCPA.

33.    Upon information and belief, Professional Account Management, LLC and its employee wrongfully stated to the Plaintiff that he could not orally dispute the debt with Professional Account Management, LLC.

34.    Upon information and belief, Professional Account Management, LLC and its employee wrongfully stated to the Plaintiff that he could only dispute a debt in writing.

35.    Upon information and belief, Professional Account Management, LLC and its employee by intentionally denying the Plaintiff and any other debtor to dispute the debt orally unfairly intimidate and force debtors in to paying disputed debts.

36.    The Professional Account Management, LLC employee who spoke with Yosef Lowenbien intended to speak the said words to the Plaintiff.

37.    The acts and omissions of Professional Account Management, LLC and its employee done in connection with efforts to collect a debt from the Plaintiff were done intentionally and willfully.

38.    Upon information and belief, Professional Account Management, LLC and its employees intentionally and willfully violated the FDCPA and do so as a matter of pattern and practice by not letting any of the class members orally dispute the debt contrary to the FDCPA and the rights given by the Defendant purportedly in the

validation notice.

39.     Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

40.     Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

41.     Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

42.     Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

43.     Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

44.     Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

45.     The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived him of his right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

46.     These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

47.     As an actual and proximate result of the acts and omissions of Professional Account Management, LLC, Plaintiff has suffered including but not limited to, fear, stress,

mental anguish, emotional stress and acute embarrassment for which he should be compensated in an amount to be established by a jury at trial.

## AS AND FOR A CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.*

48.    Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through forty seven (47) as if set forth fully in this cause of action.

49.    This cause of action is brought on behalf of Plaintiff and the members of a class.

50.    The class consists of all persons whom Defendant's records reflect resided in the State of New York who communicated with Defendant's representatives within one year prior to the date of the within complaint up to the date of the filing of the complaint; (a) the Defendant denied the Plaintiff the right to dispute the debt verbally; and (b) the Defendant made false statements in violation of 15 U.S.C. §§ 1692e(8) and 1692e(10).

51.    Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

    A.  Based on the fact that a telephonic communication is at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

    B.  There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

C.  The only individual issue is the identification of the consumers who had such communications with the Defendant (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

D.  The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

E.  The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

52.  A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

53.  If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

54.  Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

55.   The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

56.   Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in his favor and against the Defendant and award damages as follows:

A.   Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);

B.   Attorney fees, litigation expenses and costs incurred in bringing this action; and

C.   Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Woodmere, New York
December 3, 2018

_____/s/ Adam J. Fishbein_____
Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
735 Central Avenue
Woodmere, New York 11598
Telephone: (516) 668-6945
Email: fishbeinadamj@gmail.com

Plaintiff requests trial by jury on all issues so triable.

_____/s/ Adam J. Fishbein___
Adam J. Fishbein (AF-9508)